UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-578-FDW

| WILLIAM CARAWAN, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FNU MITCHELL, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Extension of Time to Respond to Discovery Requests, (Doc. No. 37), Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 39), and Defendants Lee, Mitchell and Williams' Motion for Extension of Scheduling Orders, (Doc. No. 40).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986).

Plaintiff filed his Motion seeking an extension of discovery cutoff date on February 1, 2019. At that point, the discovery period as set forth in the Pretrial Order and Case Management Plan had already expired. (Doc. No. 33). Plaintiff's untimely Motion will be denied.

Defendants timely filed their Motion seeking an extension of the deadline to file dispositive motions. For good cause shown, an extension of time to file dispositive motions will be granted

1

until May 10, 2019. No further extensions of time will be granted except on a showing of extraordinary circumstances.

A plaintiff may amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). An amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[1] for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

In his Motion to Amend filed on February 12, 2019, Plaintiff asks that Lanesboro C.I. Administrative Assistant Mrs. Green and Correctional Sgt. Russell be added as Defendants. He alleges that they are responsible for his religious and legal books being withheld from him.

---

[1] Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).
Fed. R. Civ. P. 4(m).

Specifically, he claims that Green held his religious books from February 28, 2015 to April 8, 2015 and refused to allow Plaintiff to take the books into his possession after he was released from segregation, contrary to prison policy. He claims that Russell forced him to send his religious materials home on April 8, 2015 after Plaintiff was released from segregation, contrary to prison policy that allows Islamic prisoners to retain religious reading materials. Plaintiff alleges that Green and Russell's actions violated the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff seeks reimbursement for the deprivation of his books and compensatory, punitive, and nominal damages that a jury deems to be just and equitable.

The statute of limitations for all § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007). In North Carolina, that limitations period is three years. Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). The statute of limitations applicable to RLUIPA claims is four years. See 28 U.S.C. § 1658; Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382 (2004); Al-Amin v. Shear, 325 Fed. Appx. 190 (4th Cir. 2009).

Plaintiff's Motion to Amend will be denied as futile. Plaintiff's claims against Green and Russell accrued, at the latest, on April 8, 2015. Plaintiff filed the Motion to Amend outside the three-year statute of limitations that is applicable to § 1983 claims, so Plaintiff's First and Fourteenth Amendment claims are untimely. The RLUIPA's four-year statute of limitations has not yet expired. However, RLUIPA does not authorize claims for official or individual capacity damages. See Madison v. Virginia, 474 F.3d 118 (4th Cir. 2006) (official capacity); Rendelman v. Rouse, 569 F.3d 182, 189 n.2 (4th Cir. 2009) (individual capacity). As the relief Plaintiff seeks is unavailable under RLUIPA, amendment would be futile. Plaintiff's Motion to Amend will

therefore be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Extension of Time to Respond to Discovery Requests, (Doc. No. 37), is **DENIED**.

2. Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 39), is **DENIED** as futile.

3. Defendants Lee, Mitchell and Williams' Motion for Extension of Scheduling Orders, (Doc. No. 40), is **GRANTED** and the deadline for filing dispositive motions is extended until May 10, 2019.

Signed: March 30, 2019

Frank D. Whitney
Chief United States District Judge